IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALL FLORIDA NETWORK CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-441C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss the complaint. Congress has explicitly prohibited judicial review of awards pursuant to Competitive Acquisition Programs ("CAP") administered by the Centers for Medicare & Medicaid Services ("CMS"), which is the subject of plaintiffs' complaint. Specifically, 42 U.S.C. § 1395w-3(b)(10) states:

> There shall be no administrative or judicial review under section 1395ff of this title, section 1395oo of this title or otherwise, of –
>
> * * *
>
> (b) the awarding of contracts under this section . . . .

Because Congress has clearly and unambiguously prohibited review by this or any other court or administrative agency, such as the Government Accountability Office ("GAO"), this court does not possess jurisdiction to entertain the complaint filed by plaintiff, All Florida Network Corp. ("All Florida"). Accordingly, this Court should dismiss All Florida's complaint.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction to entertain a challenge to a CMS award of contracts to provide durable medical equipment, prosthetics, orthotics, and supplies ("DMEPOS") pursuant to a CAP when Congress clearly and unambiguously prohibited judicial review of awards issued pursuant to a CAP in 42 U.S.C. § 1395w-3(b)(10).

STATEMENT OF FACTS[1]

A. Competitive Acquisition Programs

The Centers for Medicare & Medicaid Services is the agency within the U.S. Department of Health and Human Services ("HHS") responsible for the administration and oversight of the national Medicare program, which includes coverage for certain DMEPOS. 42 U.S.C. §§ 1395 - 1395hh. Section 302 of the Medicare Prescription Drug, and Improvement, and Modernization Act of 2003 ("MMA"), Pub. L. No. 108-173, effective December 8, 2003, requires the Secretary of HHS to "establish and implement programs under which competitive acquisition areas are established throughout the United States for contract award purposes for the furnishing under this part of competitively priced [DMEPOS] items and services[.]" 42 U.S.C. § 1395w-3(a)(1)(A). These programs create a "competition among entities supplying items and services," 42 U.S.C. § 1395w-3(b)(1), in which suppliers submit bids, offering to furnish items or services for a set price. 42 U.S.C. § 1395w-3(b)(6)(B). Each competing entity must meet applicable quality and financial standards. 42 U.S.C. § 1395w-3(b)(2). The program is to be phased in over time, starting in 2007 with competition within the first 10 of the largest metropolitan

[1] Plaintiff's statement of facts is assumed to be true for the purpose of this motion. In the event that our motion is not granted, we reserve the right to challenge these facts.

statistical areas ("MSAs") in the United States. 42 U.S.C. § 1395w-3(a)(1)(B). The Secretary must recompete the DMEPOS contracts "not less often than once every 3 years." 42 U.S.C. § 1395w-3(b)(3)(B).

In order to streamline the award of contracts to provide DEMPOS, the law specifically provides also that: "[t]here shall be no administrative or judicial review under section 1395ff [section 1869 of the Social Security Act] of this title, section 1395oo of this title [section 1878 of the Social Security Act], or otherwise, of . . . (B) the awarding of contracts under this section . . . ." 42 U.S.C. § 1395w-3(b)(10). In order to implement the program, CMS published a proposed rule (71 Fed. Reg. 25654 (May 1, 2006)), followed by a final rule. Medicare Program: Competitive Acquisition for Certain Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) and Other Issues, 72 Fed. Reg. 17992 (Apr. 10, 2007). CMS's regulations implement the prohibition against judicial or administrative review of contract award decisions. See 42 C.F.R. § 414.424.

Pursuant to the applicable law and implementing regulation, the Secretary began phasing in the DMEPOS competitive bidding program within 10 of the largest MSAs in 2007, including Miami-Fort Lauderdale-Miami Beach competitive bidding area ("CBA"), for which All Florida bid. Complaint ("Compl.) ¶ 1. As a part of the implementation, CMS engaged the services of a Competitive Bidding Implementation Contractor ("CBIC") as authorized by 42 U.S.C. § 1395w-3(b)(8). The CBIC, among other things received the electronic bids and hard copy documentation from, and communicated with, bidding entities. Compl. ¶ 8. In the first round bidding, CMS awarded 1,345 contracts to 325 winning suppliers. See http://www.cms.hhs.gov/DMEPOSCompetitiveBid/01c_Contract_Suppliers.asp#TopOfPage. The contracts awarded by the competitive bidding programs in the first ten CBAs are scheduled to take effect on July 1,

2008. See DMEPOS Competitive Bidding Overview, Round 1 Timeleine, at http://www.cms.hhs.gov/ DMEPOSCompetitiveBid/Downloads/DMEPOSTimeline.pdf .

B. All Florida's Participation In The CAP

All Florida was created by 19 durable medical equipment providers located in South Florida, to permit the providers to participate in the CMS award of contracts for the Miami CBA. Compl. ¶ 15. All Florida asserts that its members are dependent upon Medicare reimbursement for a substantial portion of their revenue and, accordingly, that they carefully assembled qualified, accredited contractors to ensure a strong bid. Compl. ¶¶ 16-17. All Florida retained a consultant to ensure compliance with antitrust laws, to compute the bid amounts to be submitted in the competitive bid process, and to assemble and to submit the required financial information. Compl. ¶¶ 17-19. All Florida submitted its bid on July 19, 2007, in advance of the deadline, which was subsequently extended to September 25, 2007. Compl. ¶¶ 4 n.1, 20. After verifying that all required information had been supplied by each member of the network, All Florida's contractor timely submitted the required hard-copy information by Federal Express overnight mail. Compl. ¶ 21.

On March 20, 2008, CMS announced the winning bidders and advised All Florida that it had been disqualified for failure to meet enrollment standards specified in 42 C.F.R. § 424.57(c) and failure to submit the financial documentation set forth in the request for bids. Compl. ¶ 24. All Florida alleges that it determined that CMS was wrong with regard to the asserted grounds for disqualification. Specifically, All Florida asserts that an alleged improper network member had withdrawn from the network and that this withdrawal had been acknowledged by the CBIC. Compl. ¶¶ 25-26. Additionally, All Florida asserts that its independent review confirmed that all of the required documentation had been submitted. Compl. ¶ 27.

All Florida provided this information to CMS on March 24, 2008, and asked that its disqualification be rescinded. Compl. ¶ 28. On April 21, 2008, CMS responded to All Florida, and indicated that a different set of financial documents had not been provided. Compl. ¶¶ 31-32. All Florida asserts that only one document was listed on both the March 20, 2008, and April 21, 2008 disqualification letters, and all of the documents on both disqualification letters were provided. Compl. ¶ 33.

## ARGUMENT

### 1. Standard Of Review

In ruling upon a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint and draws all inferences in favor of the plaintiff. Lavezzo v. United States, 74 Fed. Cl. 502, 507 (Fed. Cl. 2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). This Court reviews bid protest actions under the standards set forth in the Administrative Procedure Act ("APA"). See 28 U.S.C. § 1491(b)(4); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001). In particular, the Court must determine whether the agency's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706. An award may be set aside, therefore, "if either: (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." Impresa, 238 F.3d at 1332 (citations omitted).

### II. This Court Does Not Possess Subject Matter Jurisdiction To Entertain All Florida's Protest Of An Award Made Pursuant To A CAP As Authorized By 42 U.S.C. § 1395w-3

"Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims." Deponte Invs., Inc. v. United States, 54 Fed.

Cl. 112, 115 (2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)); Hambsch v. United States, 857 F.2d 763, 765 (Fed. Cir. 1988) ("When a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of a case."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. at 94 (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869)).

All Florida alleges that it submitted a bid to supply DMEPOS in response to a request for bids issued by CMS and that the request for bids was issued pursuant to the Medicare Modernization Act of 2003, utilizing the competitive bidding program. Compl. ¶¶ 1-3. Congress has clearly and unambiguously prohibited review of such competitive bidding program awards by this or any other court:

> There shall be no administrative or judicial review under section 1395ff of this title, section 1395oo of this title or otherwise, of –
>
> * * *
>
> (b) the awarding of contracts under this section . . . .

42 U.S.C. § 1395w-3(b)(10). As such, this court does not possess jurisdiction to entertain All Florida's complaint.

This Court must give effect to the plain meaning of the statute, because the language is clear and unambiguous. See, e.g., Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980) ("We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself."). The Congressional prohibition of review by this Court is clear and explicit ("[t]here shall be no administrative or

judicial review") and demonstrates Congress's intent to prohibit judicial review of awards to suppliers pursuant to a CAP.

Moreover, HHS properly interpreted the statute in promulgating its implementing regulations. "There is no administrative or judicial review under this subpart of the following: . . . (2) Awarding of contracts." 42 C.F.R. § 414.424(a). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress" Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842-843 (1984).

In fact, HHS considered, and rejected, a suggestion that its regulations provide for administrative or judicial review. 72 Fed. Reg. at 18056. One commenter suggested that "considering the number of procurements that are set aside each year by GAO and the United States Court of Federal Claims based on government error, CMS should allow administrative or judicial review." Id. CMS rejected this proposal stating:

> [t]he Medicare DMEPOS Competitive Bidding Program is a unique program that differs in many ways from traditional government procurement. We are bound to implement this program in accordance with the statute, which as noted earlier in this section, provides that there will be no administrative or judicial review of certain functions.

Id. Because Congress has spoken directly to the issue of judicial review of CAP award decisions and CMS's implementing regulations are a reasonable interpretation of the statute, this Court does not possess jurisdiction to review the agency's award decision. Chevron, 467 U.S. at 842-843.

As noted above, All Florida submitted its bid in round one of the CAP process. Compl. ¶ 2. This is the first CAP award decision to be protested at the Court of Federal Claims.

However, other bidders have filed protests at GAO. In Matter of: Eastern Medical Equipment, Inc.; Omnicare, Inc., Dania Medical Equipment & Supplies, Inc.; Chronic Care Pharmaceutical Services, LLC; Wound Management Technologies, Inc., B-311423; B-311423.2; B-311423.3; B-311423.4; B-311423.5 (May 1, 2008), 2008 CPD P 82, 2008 WL 1932190 (Comp. Gen.) the GAO dismissed the protests of five bidders in the DMEPOS CAP. The GAO held that, pursuant to the plain language of 42 U.S.C. § 1395w-3(b)(10), the GAO was prohibited for considering protests of the CAP awards. Id. Significantly, the protesters in Eastern Medical had their bids rejected for failing to include financial information, which the protesters asserted had, in fact, been provided. Id. This is the same factual dispute as presented to this Court by All Florida, and like GAO, this Court should dismiss the protest for lack of jurisdiction. "Although GAO precedent is not binding on this court, it is persuasive in appropriate cases." Anderson Columbia Environmental, Inc. v. United States, 43 Fed. Cl. 693, 699, n 5 (1999) (citation omitted).

CONCLUSION

Because Congress has clearly and unambiguously prohibited administrative or judicial review of awards by CMS for the award of contracts to provide DMEPOS pursuant to the competitive acquisition program, this Court should dismiss All Florida's complaint for lack of jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

Of counsel:

JAMIE B. INSLEY
Attorney
Department of Health
and Human Services
CMS Building
7500 Security Blvd.
C2-05-23
Baltimore, MD 21244

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0139
Fax: (202) 514-8624

June 18, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 18, 2008 a copy of foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David D'Alessandris