**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| ALL FLORIDA NETWORK CORP., | ) | |
| Plaintiff, | ) | Case No. 08-441 C |
| vs. | ) | |
| | ) | (Judge Lawrence M. Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, All Florida Network Corp., pursuant to RCFC 5.3 and instructions from the bench during the 06.19.08 Status Conference, hereby responds to the Motion to Dismiss filed by Defendant, the United States.

## STATEMENT OF THE ISSUE

At issue is whether the United States has met its heavy burden of establishing that Congress expressed a clear intent to bar a wrongfully-excluded bidder from seeking judicial review of CMS' arbitrary, capricious, and clearly erroneous actions when Congress included "the awarding of contracts" as one of six areas of the bidding process which were not subject to judicial review.

## ARGUMENT

In its Motion to Dismiss, the United States argues that 42 U.S.C. § 1395w-3(b)(10), and in particular subdivision § 1395w-3(b)(10)(B), bars this action. Plaintiff anticipated this argument, and most of Plaintiff's responses to it are set forth on pages 20 – 24 of Plaintiff's Emergency Motion for a Preliminary Injunction. In this response, Plaintiff addresses the specific arguments raised in the United States' motion to dismiss.


de la O ▪ Marko ▪ Magolnick ▪ Leyton
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

## I. 42 U.S.C. § 1395w-3(b)(10)(B) DOES NOT "UNAMBIGUOUSLY" BAR PLAINTIFF'S CLAIM; THUS, THE UNITED STATES HAS FAILED TO MEET ITS HEAVY BURDEN TO SHOW THAT PLAINTIFF'S ACTION IS BARRED.

The United States first argues that Subsection (B) of § 1395w-3(b)(10) "clearly and unambiguously" forbids judicial review of Plaintiff's claim.[1] The only support offered for this argument is the statutory text which provides that there is no administrative or judicial review of "(b) the awarding of contracts under this statute." This argument is part of the United States' broader position (staked out in its defense to this and the other district court cases mentioned in Plaintiff's Notice of Related Actions[2]) that no aspect of the DMEPOS competitive bidding system is subject to judicial review. The United States is flatly wrong, and bears a heavy burden to convince this Court that Congress intended to bar all judicial review. *See Dunlop v. Bachowski*, 421 U.S. 560, 567 (1975) ("In the absence of an express prohibition in the LMRDA, the Secretary, therefore, bears the heavy burden of overcoming the strong presumption that Congress did not mean to prohibit all judicial review of his decision.").

First, Congress clearly intended that some aspects of the competitive bidding program are subject to review. If it were otherwise, Congress would have simply said either "[t]here shall be no administrative or judicial review under section 1395ff of this title, section 1395oo of this title, or otherwise"; or, Congress would have said that "[t]here shall be no administrative or judicial review under section 1395ff of this title,

[1] There is no formal procedure for seeking a review from CMS of its decision finding Plaintiff ineligible. Thus, the United States' position appears to be that there is no right to a review at any level – agency, administrative board or court – no matter how egregious the error or damaging the impact on a plaintiff.

[2] The United States is taking the position that § 1395w-3(b)(10) bars not only individual Bid Protests, but also broader challenges, for instance, that the Final Rule violated the APA, (*see* Def.'s Mot. Dismiss *Premier Medial Supplies, Inc., et al. v. Michael O. Leavitt and Kerry Weems*, United States District Court for the Northern District of Ohio (Case No. 1:07 – CV – 3809; the "Ohio Lawsuit") at 7 – 8 (Congress was "clear[ ] about its intent to foreclose judicial review of the fundamental aspects of the competitive bidding program under the MMA")). Viewing its defense of all these challenges together, it is clear that the United States' position is that nothing surrounding the competitive bidding program is subject to judicial review.



de la O ▪ Marko ▪ Magolnick ▪ Leyton
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

section 1395oo of this title, or otherwise, including, but not limited to, the following areas:" and listed the six areas. Instead, Congress continued that sentence, identifying only certain specific areas in which judicial review is barred. Anything outside of those specific areas is not barred, and is subject to review.[3] *Silvers v. Sony Pictures Entm't, Inc*., 402 F.3d 881, 885 (9th Cir. 2005) (the canon of statutory construction *expressio unius est exclusio alterius* "creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions"). In its Reply Brief, the United States should name at least one type of claim challenging the competitive bidding program that the United States believes isn't barred by § 1395w-3(b)(10). It will be unable to do so, making it clear that the United States' position is at odds with Congress' intent.

Second, Plaintiff's claim – challenging its erroneous disqualification from the bidding competition – is *not* a challenge to the "awarding of the contract." Courts draw a distinction between "eligibility to participate" and the "awarding of a contract." In *Owen of Georgia, Inc. v. Shelby County*, 648 F.2d 1084 (6th Cir. 1981), an unsuccessful bidder challenged a county's decision to award a public contract to the second lowest bidder, which was awarded the contract because it employed a higher proportion of minorities and was a local concern. In finding that neither of those rationales sufficiently supported the county's position, the Court distinguished between eligibility determinations – which are "qualifying mechanisms" – and the "awarding of a contract":

> The statute does not provide that a bidder's proportionate minority employment is a factor which will be taken into consideration when awarding a County contract. Rather, it operates as a qualifying mechanism; a finding of compliance

[3] Even CMS agrees that Congress did not intend to prohibit judicial review of all matters related to the bidding process. In responding to a commentator in the Federal Register, CMS noted that Congress provided there should be no judicial review of "certain functions." 72 Fed.Reg. 17992 – 01, 18056. A fuller discussion of the CMS' response in the Federal Register is found in section II A, *infra*.



**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

> with the Act renders a firm eligible to submit a bid. Both Owen and Pidgeon-Thomas were found to be in compliance and that finding ends the role of Sec. 7 in contract awards.

*Owen of Georgia, Inc.*, 648 F.2d at 1093. Eligibility determinations like the one at issue herein are qualifying mechanisms only. Once the eligible pool of bidders is determined, that phase is over, and the competition to see who is "awarded a contract" begins. The United States cites no case law to support its overbroad reading of § 1395w-3(b)(10)(B).

Third, any doubt as to the meaning of subsection B, militates in favor of allowing judicial review. If the issue is not clear-cut, so long as Plaintiff's interpretation is reasonable, the United States must provide clear and convincing evidence that Congress intended to bar judicial review. *Sharp HealthCare v. Leavitt*, – F.Supp. 2d –, 2008 WL 927891 (S.D. Cal., April 4, 2008) (term "bidding structure" from § 1395w-3(b)(10)(F) was – contrary to the government's claim – subject to reasonable dispute, it was therefore ambiguous, and the government failed to provide "clear and convincing evidence" that Congress intended to bar review). Thus, if the language of § 1395w-3(b)(10)(B) is far less than "clear and unambiguous," it does not bar Plaintiff's action.

## II. NEITHER CMS' REGULATION AND STATEMENT, NOR THE GAO RULING, PROVIDE A BASIS TO OVERCOME PLAINTIFF'S RIGHT TO JUDICIAL REVIEW.

As the plain language of the statute itself does not support its position, the United States cites to a CMS regulation and statement, and a GAO ruling, in another effort to impede this claim.

### A. THE CMS REGULATION AND STATEMENT CITED BY THE UNITED STATES DOES NOT SUPPORT THE MOTION TO DISMISS.

The United States' next argument – that 42 C.F.R. § 414.424(a)(2) and a line from CMS appearing in the Federal Register prove this action is barred – begs the question. The issue before this Court is whether the statutory phrase "the awarding of


**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

contracts" includes eligibility determinations. CMS adopted a regulation (42 C.F.R. § 414.424(a)(2)) tracking, *verbatim*, the language of § 1395w-3(b)(10)(B), without fleshing out or clarifying what "the awarding of contracts" means. And, in response to a commentator, CMS tracks, *verbatim*, the language of its regulation (§ 414.424(a)(2)), in saying that there is no judicial review of "certain functions," including "the awarding of contracts," without fleshing out or clarifying what "the awarding of contracts" means.

Thus, neither the regulation itself nor the response to the comment shed any light on what Congress intended in this regard or how CMS interprets the statute. No amount of deference to the agency – and there are good reasons why there should be far less deference afforded the agency here than is normally the case – will resolve this issue when the agency has not addressed the question. *Gonzalez v. Oregon*, 546 U.S. 243, 257 (2006) (refusing to give *Auer* deference to agency's Interpretive Rule that "gives little or no instruction on a central issue in this case . . . [and] gives no indication how to decide this issue"). As CMS' regulations and comments do not address the issue before the Court, references to them do not advance the United States' argument.

CMS and the United States seem to insist that CMS did more than merely parrot the text of § 1395w-3(b)(10)(B) (*e.g.*, "CMS' implementing regulations are a reasonable interpretation of the statute" (Mot. Dismiss at 7)), in the hopes that so insisting will bar this action. But as demonstrated above, the United States' position is belied by the facts, and that type of litigation-inspired reconstruction of history is entitled to no deference. *Gonzalez v. Reno*, 212 F.3d 1338, 1350 (11th Cir. 2000) ("An after-the-fact rationalization of agency action – an explanation developed for the sole purpose of defending in court the agency's acts – is usually entitled to no deference from the courts").


**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

Even if CMS *had* addressed this issue before, it would not be entitled to great deference on the point. An agency interpretation based not on the expertise of the agency in its particular field, but on legal principles – such as what is prohibited by a statute banning judicial review of certain areas – is not entitled to great deference. *See*, *e.g*., *Piper v. Chris-Craft Indus., Inc*., 430 U.S. 1, 41 n.27 (1977) (agency's "presumed 'expertise' in the securities-law field is of limited value when the narrow legal issue is peculiarly reserved for judicial resolution, namely whether a cause of action should be implied . . ."); *Colorado Public Utilities Comm'n v. Harmon*, Nuclear Reg. Rep. P. 20,548, 951 F.2d 1571, 1579 (10th Cir. 1991) ("a preemption determination involves matters of law – an area more within the expertise of the courts than within the expertise of the Secretary of Transportation"); *Jicarilla Apache Tribe v. F.E.R.C*., 578 F.2d 289, 292 – 93 (10th Cir. 1978) (great deference not required when administrative decision is not based on expertise in a particular field, but on general common law principles).

Finally, CMS' interpretation of its regulation (42 C.F.R. § 414.424(a)(2)) is not entitled to great deference either, as that regulation does not reflect the agency's special expertise, but merely parrots the terms of the statute (§ 1395w-3(b)(10)(B)).

> Here, on the other hand, the underlying regulation does little more than restate the terms of the statute itself. The language the Interpretive Rule addresses comes from Congress, not the Attorney General, and the near-equivalence of the statute and regulation belies the Government's argument for *Auer* deference.
>
> * * * *
>
> Simply put, the existence of a parroting regulation does not change the fact that the question here is not the meaning of the regulation but the meaning of the statute. An agency does not acquire special authority to interpret its own words when, instead of using its expertise and experience to form a regulation, it has elected merely to paraphrase the statutory language.


de la O ▪ Marko ▪ Magolnick ▪ Leyton
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

*Gonzalez v. Oregon*, 546 U.S. 243, 257 (2006) (finding this the case even where the regulation "attempts to summarize," rather than merely restate, the statutory text). For these reasons, CMS' regulations and comments in no way justify barring this claim.

**B. <u>THE GAO RULING DOES NOT JUSTIFY BARRING THIS ACTION</u>.**

The United States' final argument is equally wrong. The GAO's ruling in *Matter of: Eastern Medical Equipment, Inc., et al*, B-311423.2; B-311423.3; B-311423.4; B-311423.5 (May 1, 2008), 2008 CPD P 82, 2008 WL 1932190 (Comp. Gen.), does not prove this action is barred, even though, admittedly, the GAO ruling is adverse to Plaintiff. To begin with, as the United States is forced to admit, "[d]ecisions of the GAO are merely 'recommendations' and are not binding on [the Court of Federal Claims]." *Honeywell, Inc. v. United States*, 16 Cl.Ct. 173, 181 (1989) (citations omitted). Here, the GAO's recommendation should be rejected.

First, the GAO case was wrongly decided. The GAO found that "[t]he agency's decision to reject the protestor's bid is a necessary aspect of determining which bidders are eligible for award under the solicitation." Obviously, determining bidder eligibility is one step in the process of getting to the point of "awarding of contracts," but it is not itself the "awarding of contracts." Congress did not bar review of "the entire process of awarding contracts" or "all necessary aspects involved in awarding contracts," as the GAO ruling states. The GAO's ruling is a striking, unwarranted expansion of the scope of § 1395w-3(b)(10)(B).

Second, the GAO ruling is at odds with, and undermined by, *Sharp HealthCare v. Leavitt*, – F. Supp. 2d –, 2008 WL 927891 (S.D. Cal., April 4, 2008). In *Sharp HealthCare*, the Court held that if a term in a jurisdiction-stripping statute – even a term like "bidding structure," which is every bit as broad as the term "the awarding of

contracts" – is susceptible to two reasonable interpretations, one of which would take the action at issue outside the scope of the judicial bar, then the government has not provided the type of "clear and convincing evidence" needed to preclude a wronged party's right to review. That reasoning is consistent with the solid wall of authority expressing a clear preference for judicial review, and it indicates that unless Plaintiff's interpretation of § 1395w-3(b)(10)(B) is patently unreasonable, Plaintiff may proceed. *See also In re Guardianship of Blunt*, 358 F. Supp. 2d 882, 891 (D.N.D. 2005) ("the case law [] holds that no-court-review statutes are to be strictly construed. *E.g.*, *Johnson v. Robison*, 415 U.S. 361, 373-374, 94 S. Ct. 1160 (1974)").

Third, the GAO is not entitled to particular deference either where its ruling is based on statutory construction, an area in which courts have considerable expertise:

> While the GAO has considerable expertise in dealing with procurement contracts, the GAO decision was not based upon particulars of federal contract provisions or practices, nor even on particular procurement regulations. Instead, the GAO relied on statutory interpretation, a task in which court also have some expertise. . . . [W]here agencies interpret statutes outside their administrative ken, it is not clear that their interpretations are entitled to any particular deference, because they are not "specialists" in the operation of those statutes.

*Parola v. Weinberger*, 848 F.2d 956, 959 (9th Cir. 1988). It is certainly reasonable to assume that courts are closer than the GAO to being "specialists" at interpreting statutes. *See*, *e.g.*, *Colorado Public Utilities Comm'n v. Harmon*, Nuclear Reg. Rep. P. 20,548, 951 F.2d at 1579 (courts have more expertise than agencies in deciding matters of law). Accordingly, *Sharp HealthCare* is more persuasive than the GAO ruling.[4]

[4] The United States might be tempted to rely upon the recently-issued Order dismissing the complaint in *Carolina Medical Sales, Inc. v. Michael Leavitt, in his official capacity as Sect. of the U.S. Dep't of HHS, et al.*, United States District Court for the District of Columbia (Case No. 07 – 1298 (RMU), a related action Plaintiff was unaware of until after yesterday's Status Conference. However, *Carolina Medical* is



**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

## CONCLUSION

The United States has failed to meet its heavy burden to prove that Plaintiff's claim is barred. For the reasons presented herein and in Plaintiff's emergency motion for preliminary injunction, Plaintiff respectfully requests that the Court deny the motion to dismiss and schedule an expedited hearing on Plaintiff's motion before 07.01.08.

Respectfully submitted,

**DE LA O, MARKO, MAGOLNICK & LEYTON**
Attorneys for Plaintiff
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: 305.285.2000
Facsimile: 305.285.5555

By: /s David E. Marko
**David E. Marko**
Florida Bar No. 0939633
marko@dmmllaw.com
**Daniel L. Leyton ***
Florida Bar No. 0061824
leyton@dmmllaw.com

**KRAVITZ & TALAMO**
Attorneys for Plaintiff
7600 W 20th Avenue
Suite 213
Hialeah, Florida 33016
Telephone: 305.558.5300
Facsimile: 305.557.1934

By: /s Javier Talamo
**Javier Talamo ***
Florida Bar No. 0721808
javier_talamo@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record and pro se parties identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

David D'Alessandris, Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
David D'Alessandris@usdoj.gov

---

unhelpful to either party here. The plaintiff's complaint was about a CMS decision squarely within one of the six categories exempted from judicial review by Congress. The decision is as unsurprising as it is unhelpful in determining whether CMS's clearly erroneous eligibility determinations are shielded from judicial review.