IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALL FLORIDA NETWORK CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-441C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Pl. Opp."). In our motion to dismiss we demonstrated that Congress has explicitly prohibited judicial review of the award of contracts pursuant to the Durable Medical Equipment, Prosthetics, Orthotics, and Supplies ("DMEPOS") Competitive Acquisition Programs ("CAP") administered by the Centers for Medicare & Medicaid Services ("CMS"). Because this court does not possess jurisdiction to entertain the protest filed by plaintiff, All Florida Network Corp. ("All Florida"), the Court should dismiss All Florida's complaint.

I. 42 U.S.C. § 1395w-3(b)(10) Prohibits Review Of CMS's Award Of Contracts To Provide DMEPOS

As we demonstrated in our moving brief, section 302 of the Medicare Prescription Drug, and Improvement, and Modernization Act of 2003 ("MMA"), Pub. L. No. 108-173, effective December 8, 2003, requires the Secretary of HHS to "establish and implement programs under which competitive acquisition areas are established throughout the United States for contract award purposes for the furnishing under this part of competitively priced items and services." 42

U.S.C. § 1395w-3(a)(1)(A). All Florida's complaint seeks to enjoin a CMS award of contracts to provide DMEPOS pursuant to a competitive acquisition program. Congress has clearly and unambiguously prohibited review of such competitive bidding program awards by this or any other court:

> There shall be no administrative or judicial review under section 1395ff of this title, section 1395oo of this title or otherwise, of –
>
> * * *
>
> (B) the awarding of contracts under this section . . . .

42 U.S.C. § 1395w-3(b)(10). As such, this court does not possess jurisdiction to entertain All Florida's complaint.

II. <u>All Florida's Proposed Interpretation Of Section 1395w-3(b)(10) Should Be Rejected</u>

All Florida asserts that a statute purporting to bar judicial review must be construed narrowly and, therefore, that some aspects of the competitive bidding program remain subject to judicial review. Pl. Opp at 2. All Florida attempts also to draw a distinction between "eligibility to participate" in a procurement, and the "awarding of the contract." Pl. Opp. at 3-4. All Florida, then, asserts that this Court should ignore the holding of the Government Accountability Office ("GAO") in <u>Matter of: Eastern Medical Equipment, Inc.; Omnicare, Inc., Dania Medical Equipment & Supplies, Inc.; Chronic Care Pharmaceutical Services, LLC; Wound Management Technologies, Inc.</u>, B-311423; B-311423.2; B-311423.3; B-311423.4; B-311423.5 (May 1, 2008), 2008 CPD P 82, 2008 WL 1932190 (Comp. Gen.), which interpreted the same provision, section 1395w-3(b)(10)(B), at issue in this motion, and instead find persuasive the district court opinion in <u>Sharp Healthcare v. Leavitt</u>, __ F.Supp.2d __, 2008 WL 927891 (S.D. Cal. April 4, 2008), which interprets a provision, section 1395w-3(b)(10)(F), not at issue in this motion. Pl. Opp. at 7-8.

As we demonstrate in more detail below, All Florida's proposed interpretation is at odds with the intent of Congress, the plain language of the statute, the entire DMEPOS CAP statutory scheme, CMS's implementing regulations, GAO precedent, and All Florida's own complaint in this action.

A. Determining Bidder Eligibility Is Part Of The Award Of Contracts Pursuant to 42 U.S.C. § 1395w-3(b)(2)

All Florida's opposition centers around its assertion that "challenging its erroneous disqualification from the bidding competition – is not a challenge to the 'awarding of the contract.'" Pl. Opp. at 3. However, All Florida's assertion is squarely contradicted by the same code section containing the prohibition of judicial review for award decisions. Pursuant to 42 U.S.C. § 1395w-3(b)(2), the quality and financial standards for bidders are "conditions for awarding contract." Specifically, the statute provides that:

> 2) Conditions for awarding contract
> (A) In general
> The Secretary may not award a contract to any entity under the competition conducted in an competitive acquisition area pursuant to paragraph (1) to furnish such items or services unless the Secretary finds all of the following:
> (i) The entity meets applicable quality standards specified by the Secretary under section 1395m (a)(20) of this title.
> (ii) The entity meets applicable financial standards specified by the Secretary, taking into account the needs of small providers.
> (iii) The total amounts to be paid to contractors in a competitive acquisition area are expected to be less than the total amounts that would otherwise be paid.
> (iv) Access of individuals to a choice of multiple suppliers in the area is maintained.

42 U.S.C. § 1395w-3(b)(2). Thus, CMS's actions determining the quality and financial standards of bidders in the DMEPOS competition are part of the process of awarding contracts,

and the prohibition against judicial review of the awarding of contracts contained at section 1395w-3(b)(10)(B) clearly applies. "In construing a statute, courts should attempt not to interpret a provision such that it renders other provisions of the same statute inconsistent, meaningless or superfluous." Champagne v. United States, 35 Fed. Cl. 198, 209 (1996), citing Boise Cascade Corp. v. United States E.P.A., 942 F.2d 1427, 1432 (9th Cir.1991).

The implementing regulation, 42 C.F.R. § 414.414, also demonstrates that evaluation of a bidder's financial qualifications is part of the award of a contract. Specifically, the regulation provides:

> Conditions for awarding contracts.
>
> (a) General rule. The rules set forth in this section govern the evaluation and selection of suppliers for contract award purposes under a competitive bidding program.
>
> (b) Basic supplier eligibility. (1) Each supplier must meet the enrollment standards specified in Sec. 424.57(c) of this chapter.

42 C.F.R. § 414.414. All Florida asserts that the agency's regulation prohibiting judicial review is not entitled to deference, because it is not based upon expertise in a particular field and simply "parrots the terms of statute." Pl. Opp. at 6. This is an odd argument, as a regulation "parroting the terms of the statute" would necessarily "parrot" the express language of Congress which would be granted the highest deference. Nevertheless, the agency does have expertise in combating fraud in the Medicare system, and the agency's bidder qualification requirements should be afforded Cheveron deference. Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842-843 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

In addition, All Florida's proposed interpretation is essentially the same as an argument rejected by GAO in the Eastern Medical protest. In Eastern Medical, one of the protesters, Omnicare, argued that it was "not seeking review of the 'awarding of contracts' but rather . . . the disqualification of its bid." Eastern Medical. 2008 CPD P 82, 2008 WL 1932190. GAO properly dismissed Omincare's argument, holding that the distinction between disqualification of a bid and award of a contract was not a "meaningful" distinction. Id. In addition, GAO held that "[t]he agency's decision to reject the protester's bid is a necessary aspect of determining which bidders are eligible for award under the solicitation . . . in requesting that we find that its bid should not have been rejected, Omnicare necessarily is requesting that we find that it should have received an award." Id.

Moreover, All Florida's proposed interpretation of section 1395w-3(b)(10)(B) conflicts with its own complaint. In its complaint All Florida asserts that "[b]ut for the procurement errors, it is certain that Plaintiff would have been offered contracts . . . ." Complaint ("Compl.") ¶ 41. Moreover, All Florida requests a preliminary injunction "requiring that the United States offer Plaintiff the same standardized contract it offered to 'winning bidders' . . . ." Compl. ¶ 42. Thus, by the plain language of its own complaint, All Florida's complaint is about "the award of contracts" and judicial review of its complaint is prohibited pursuant to 42 U.S.C. § 1395w-3(b)(10)(B).

B. Precedent At GAO And The District Court Support Our Proposed Interpretation

All Florida asserts that the district court's holding in Sharp Healthcare, which interpreted section 1395w-3(b)(10)(F), is "more persuasive" (Pl. Opp. at 7) than GAO's holding in Eastern Medical. In Sharp Healthcare, the plaintiffs sought Administrative Procedures Act ("APA") review in Federal district court. Pursuant to the MMA, the Secretary is to conduct a competitive

acquisition demonstration project for clinical diagnostic laboratory tests which are "furnished by entities that did not have a face-to-face encounter with the individual." 42 U.S.C. § 1395w-3(e)(1). The plaintiffs in Sharp Healthcare alleged that CMS's regulations required some laboratories that had face-to-face encounters with patients to participate in the competitive bidding program. The agency asserted that judicial review was prohibited pursuant to section 1395w-3(b)(10)(F) which prohibits judicial or administrative review of "the bidding structure and number of contractors selected under this section." The district court held that it possessed jurisdiction to entertain Sharp Healthcare's complaint because the term "bidding structure" was ambiguous and the "Secretary has not provided 'clear and convincing evidence' that Congress intended to preclude review of his interpretation of the face-to-face exception." Sharp Healthcare, 2008 WL 927891 at *3. Significantly, the court noted that the agency's argument inherently assumed that the agency "may disregard Congress' express statutory command that only entities that do not have a face-to-face encounter are required to bid." Id. All Florida has not demonstrated that the agency's reasonable interpretation of "awarding of contracts" conflicts with any other portion of the section or any other statute or regulation. In fact, as demonstrated above, the plain language of 42 U.S.C. § 1395w-3(b)(2) demonstrates that CMS's decisions with regard to the quality and financial stability of bidders are conditions for awarding contracts and, therefore, that judicial review is prohibited. Sharp Healthcare is not relevant to All Florida's argument.

All Florida asserts that Sharp Healthcare undermines GAO's holding in Eastern Medical. Pl. Opp. at 7. For the reasons stated above, we disagree with All Florida's analysis. Further, we demonstrated in our moving brief, in Eastern Medical, GAO held that, pursuant to the plain language of 42 U.S.C. § 1395w-3(b)(10)(B), GAO was prohibited from considering protests of

the CAP awards. Eastern Medical, 2008 CPD P 82, 2008 WL 1932190. Significantly, the protesters in Eastern Medical had their bids rejected for failing to include financial information, which the protesters asserted had, in fact, been provided. Id. This is the same factual dispute as presented to this Court by All Florida. As GAO did, this Court should dismiss the protest for lack of jurisdiction.

The district court holding in Carolina Medical Sales, Inc. v. Leavitt, __ F.Supp.2d __, 2008 WL 2446319 (D. D.C. June 19, 2008), is also instructive. Although All Florida considers the Carolina Medical opinion to be "unhelpful to either party" (Pl. Opp. at 8 n.4) the opinion persuasively interprets section 1395w-3(b)(10). In Carolina Medical Sales, the plaintiffs sought APA review of the Secretary's decision to subject mail-order diabetic supplies to a competitive bidding program, while excluding store-front diabetic suppliers. Id. at *1. The district court noted that "§ 1395w-3(b)(10) should be interpreted with both a view to its individual subparts and a mind to its structure as a whole." Id. at *5, quoting Block v. Comty. Nutrition Inst., 467 U.S. 340, 345 (1984) ("Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.")

The Carolina Medical court held that section 1395w-3(b)(10)(D) "clearly indicates that Congress contemplated a detailed, scheduled deployment of the competitive bidding program and imbued the Secretary with the authority – immune from judicial review – to economize by accelerating the introduction of cost-effective items and services. See Block, 467 U.S. at 351 (holding that presumption favoring judicial review is overcome whenever congressional intent to preclude review is "fairly discernible in the statutory scheme"). Moreover, the Carolina Medical

court rejected the plaintiffs' argument that Congress's silence with regard to delivery method of the diabetic supplies denoted an intent to omit the delivery method from the bar on judicial review. "The plaintiffs proffer no reason why Congress would – after imbuing the Secretary with unreviewable discretion over establishing payment amounts, awarding contracts, designating competitive acquisition areas, phasing-in implementation and determining the bidding structure and number of contractors – decide to carve out an isolated patch for judicial review of the Secretary's implementation of the competitive bidding program based on the Secretary's consideration of delivery method. . . . The scope of the other areas of preclusion indicate a scheme to insulate the entire program from review as does the broad, general language used." Id. at *7 (emphasis added). Like the plaintiffs in Carolina Medical, All Florida has not proffered a reason why Congress would cave out "eligibility to participate" decisions from the excluded category of "awarding of contracts." As the Carolina Medical court noted, Congress indicated a "scheme to insulate the entire program from review," and this court should similarly find that judicial review of All Florida's complaint is barred by section 1395w-3(b)(10)(B).

## CONCLUSION

Because Congress has clearly and unambiguously prohibited administrative or judicial review of awards by CMS for the award of contracts to provide DMEPOS pursuant to the competitive acquisition program, this Court should dismiss All Florida's complaint for lack of jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

Of counsel:

JAMIE B. INSLEY
Attorney
Department of Health
and Human Services
CMS Building
7500 Security Blvd.
C2-05-23
Baltimore, MD 21244

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0139
Fax: (202) 514-8624

June 23, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 23, 2008 a copy of foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David D'Alessandris