# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID DISPUTE

| | |
|---|---|
| ALL FLORIDA NETWORK CORP. )<br>Plaintiff, )<br>v. )<br>THE UNITED STATES, )<br>Defendant, )<br>and )<br>ABLECARE MEDICAL, INC. )<br>Intervenor. ) | Case No. 08-441c<br>Judge Baskir |

## MOTION OF ABLECARE MEDICAL, INC. TO INTERVENE

Ablecare Medical, Inc. ("Ablecare") hereby moves to intervene as a defendant in this action pursuant to Rule of the United States Court of Federal Claims ("RCFC") 24(a)(2) and 28 U.S.C. § 1491 App. C. Pursuant to RCFC 7(b)(1), a proposed Order granting this motion is attached at Tab A of the Appendix. Pursuant to RCFC 24(c), a Motion to Dismiss Plaintiff's Complaint is attached at Tab B of the Appendix. The grounds in support of this motion are set forth in the attached memorandum.

Respectfully submitted,

s/ William P. McGrath, Jr.

William P. McGrath, Jr. (422160)
Porter Wright Morris & Arthur LLP
1919 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-3434
(202) 778-3000 / fax: (202) 778-3063

*Attorneys for Intervenor*
*Ablecare Medical, Inc.*

OF COUNSEL:

Kathleen M. Trafford
Ryan P. Sherman
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
(614) 227-2000 / fax: (614) 227-2100

June 23, 2008

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID DISPUTE**

| | | |
|---|---|---|
| ALL FLORIDA NETWORK CORP. | ) | |
| | ) | Case No. 08-441c |
| Plaintiff, | ) | |
| | ) | Judge Baskir |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ABLECARE MEDICAL, INC. | ) | |
| | ) | |
| Intervenor. | ) | |

**MEMORANDUM IN SUPPORT OF ABLECARE MEDICAL, INC.'S MOTION TO INTERVENE**

## I. INTRODUCTION

Ablecare seeks to intervene in this bid protest action to defend its interest as a successful bidder in the competitive bidding program being challenged by Plaintiff All Florida Network Corp. ("All Florida"), a network of nineteen DME providers. All Florida seeks a preliminary injunction and declaratory judgment requiring the Defendant United States to award it the same contract that was awarded to Ablecare and other winning bidders in the Round One, DMEPOS Competitive Bidding Program for the Miami-Ft. Lauderdale-Miami Beach-FL Competitive Bidding Area ("South Florida

CBA"). Because Ablecare competes directly with All Florida and its nineteen providers in the South Florida CBA, such an injunction and declaratory judgment would cause economic injury to Ablecare by taking away business that the United States has awarded it through the competitive bidding program. While All Florida does not seek to strip Ablecare of its contract, its motion effectively seeks to strip Ablecare of business opportunities.

Because Ablecare claims an interest in this action, and because 28 U.S.C. § 1491(b) App. C specifically contemplates the intervention of successful bidders, Ablecare is entitled to intervene under RCFC 24(a)(2). As required by RCFC 24(c), Ablecare's proposed Motion to Dismiss All Florida's Complaint is attached at Tab B of the Appendix.

## II. STATEMENT OF FACTS

Ablecare is a successful bidder in the Round One, DMEPOS Competitive Bidding Program for the South Florida CBA. After being awarded contracts during Round One, Ablecare expended significant sums to be ready to perform by July 1, 2008, including costs for additional delivery vehicles and equipment, administrative costs for new computer software and the costs of new employees who were hired to assist with performing as contracted.

## III. LAW AND ARGUMENT

Ablecare is entitled to intervene as of right to protect its interest as a successful bidder in the South Florida CBA. To be entitled to intervene under RCFC 24(a)(2), a potential intervenor must timely file its motion and meet the other three requirements of the rule: "(1) an interest subject to the action; (2) that the ability to protect the interest as a practical matter may be impaired; and (3) the interest is not adequately represented by the existing parties." *Northrop Grumman Info. Tech., Inc. v. U.S.*, 74 Fed. Cl. 407, 413 (Fed. Cl. 2006). Importantly, RCFC 24(a) is to be construed liberally in favor of intervention. *Id.* at 412.

All four elements are met here. First, the application is timely filed, as this case was instituted less than one week ago.[1]

Second, Ablecare has an obvious interest in protecting its rights as a successful bidder. If All Florida's request for a preliminary injunction or declaratory judgment is granted, Ablecare will be required to compete

[1] Ablecare would have moved to intervene even sooner if it had been provided with notice of All Florida's filing, which it specifically requested of All Florida's counsel. Pursuant to the requirements of 28 U.S.C. § 1491(b) App. C, All Florida notified Ablecare and other successful bidders on June 13, 2008 that it was contemplating filing a Bid Protest. In a letter dated June 16, 2008, Ablecare's counsel asked All Florida's counsel to serve it electronically with any complaint, motion for injunctive relief or other pleadings regarding this matter. (*See* June 16, 2008 letter, attached at Tab C of the Appendix.) Although All Florida's counsel agreed to do so (*see* June 16, 2008 email, attached at Tab D of the Appendix), it never notified Ablecare's counsel that a complaint had been filed and has to date not served it with the complaint or any of the subsequent pleadings. Instead, Ablecare's counsel only learned of this action on Saturday, June 21st, while reviewing the docket of a related action.

against nineteen additional competitors who the CMS determined were disqualified and who, according to their own complaint, submitted bids which were higher than the Median Winning Bid in half of the product categories. The inclusion of these nineteen losing bidders in the South Florida CBA will detrimentally impact Ablecare's business. In addition, All Florida's Complaint alleges that the successful bidders, presumably including Ablecare, are unable to sufficiently provide for the senior citizen patients in the South Florida CBA. (Complaint, at ¶38.) Because this allegation forms part of the basis for All Florida's request for an injunction, Ablecare has an interest in challenging All Florida's accusation and demonstrating its ability to adequately serve senior citizens in the South Florida CBA.

Third, Ablecare's interest would be impaired absent intervention. If an injunction or declaratory judgment is issued by this Court, Ablecare stands to lose a significant amount of business through the addition of All Florida and its nineteen providers as competitors in the South Florida CBA.

Fourth, Ablecare's interests in this matter are not adequately represented by the government. Indeed, Appendix C to 28 U.S.C. § 1491(b) specifically recognizes this fact by: (1) requiring the bid protester to provide pre-filing notification to the successful bidders; (2) requiring the bid

protestor to provide the successful bidder with copies of documents relating to any application for a temporary restraining order or preliminary injunction; and (3) providing for the intervention of successful bidders. Because the government is a potential customer, rather than competitor, of All Florida, it does not share the same interest as Ablecare in assuring its rights as a successful bidder to expand its business in the South Florida CBA.

Accordingly, Ablecare is entitled to intervene in this action under RCFC 24(a)(2) and 28 U.S.C. § 1491(b) App. C.

## IV. CONCLUSION

Ablecare respectfully requests that the Court grant its motion to intervene pursuant to RCFC 24(a)(2) and 28 U.S.C. § 1491(b) App. C.

Respectfully submitted,

s/ William P. McGrath, Jr.
William P. McGrath, Jr. (422160)
Porter Wright Morris & Arthur LLP
1919 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006-3434
(202) 778-3000 / fax: (202) 778-3063

*Attorneys for Intervenor*
*Ablecare Medical, Inc.*

OF COUNSEL:

Kathleen M. Trafford
Ryan P. Sherman
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
(614) 227-2000 / fax: (614) 227-2100

June 23, 2008

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on June 23, 2008. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

s/ William P. McGrath, Jr.
William P. McGrath, Jr.