**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| ALL FLORIDA NETWORK CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-441 C |
| | ) | |
| vs. | ) | |
| | ) | (Judge Lawrence M. Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ____________________________________ | ) | |

**RESPONSE TO INTERVENOR, ABLECARE MEDICAL, INC.'S, MOTION TO DISMISS**

Plaintiff, pursuant to RCFC 5.3, hereby responds to the Motion to Dismiss filed by Intervening Defendant, Ablecare Medical, Inc. ("Ablecare").[1]

Ablecare's Motion to Dismiss echoes the United States' previously-filed Motion to Dismiss, and Plaintiff's position has been set forth in its previous filings. Plaintiff responds, however, to address a single line that Ablecare (and the United States, in its Reply Brief) extracted from a district court opinion in *Carolina Medical Sales, Inc., et al. v. Michael Leavitt, et al.*, D.D.C. No. 07 – 1298, in which Hon. Urbina opines that Congress intended to "insulate the entire [competitive bidding program] from review."

Plaintiff, of course, has tremendous respect for district court decisions. But we disagree with the United States and Ablecare's effort to stretch this one isolated line past the breaking point to try and strip all jurisdiction from this – or any other – court.

[1] Plaintiff does not object to Ablecare intervening. Indeed, formal intervention (which allows Ablecare to be on the electronic service list) is more sensible than Plaintiff trying to be responsible for sending Ablecare – or any other of the more than 60 "winning bidders" who received Plaintiff's pre-suit notification and who may express a similar desire for instantaneous advisories about what pleadings are filed herein – each and every pleading filed in the case so that Ablecare can consider whether and when to intervene.


de la O ▪ Marko ▪ Magolnick ▪ Leyton
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

First, the line is belied by recent case law. In *Sharp HealthCare v. Leavitt*, – F.Supp. 2d –, 2008 WL 927891 (S.D. Cal., April 4, 2008), the court found that this same statute (42 U.S.C. § 1395w-3(b)(10)) did not *bar* judicial review of whether the HHS Secretary was entitled to enact a rule requiring some laboratories to participate in a competitive bidding process. The *Sharp HealthCare* ruling necessarily recognized that not all types of legal challenges are barred by 42 U.S.C. § 1395w-3(b)(10).

Second, although a statute may appear – at a glance – to bar judicial review, such statutes are not always interpreted to bar all judicial review. For instance, a provision in the civil service law states that "questions of disability and dependency arising under this subchapter" are decided by the agency (with certain enumerated exceptions), and those rulings "are final and conclusive and are not subject to review." The Federal Circuit, in *Lindahl v. Office of Pers. Mgmt*., 718 F.2d 391 (Fed. Cir. 1983), held that this language constituted an absolute bar to judicial review. On appeal, the United States Supreme Court reversed that ruling, illustrating the high bar that must be hurdled before a statute is found to completely strip judicial review:

> The Federal Circuit reasoned that § 8347(c), except as qualified by § 8347(d)(2), plainly precludes any judicial review of OPM decisions in voluntary disability retirement cases: "[i]t is difficult to conceive of a more clear-cut statement of congressional intent to preclude review than one in which the concept of finality is thrice repeated in a single sentence." 718 F.2d, at 393. We do not share the Federal Circuit's certainty with respect to the plain import of the statutory language. To begin with, while § 8347(c) plausibly can be read as imposing an absolute bar to judicial review, it also quite naturally can be read as precluding review only of OPM's factual determinations about "questions of disability and dependency." Under this reading of § 8347(c)'s language, the factual "question" whether an applicant is disabled is quite distinct from questions of what laws and procedures the OPM must apply in administering the Retirement Act. In addition, the application of § 8347(c) as completely preclusive is problematic when a disability



**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

> applicant, as here, challenges not only OPM's determinations but also the standards and procedures used by the MSBP in reviewing those determination. . . . *Finally, our hesitation regarding the "plain meaning" of § 8347(c) is compounded by the fact that, when Congress intends to bar judicial review altogether, it typically employs language far more unambiguous and comprehensive than that set forth in § 8347. Congress' failure to use similar language in § 8347(c) therefore reinforces the possibility that the finality bar may extend only to OPM's factual determinations "with respect to" disability and dependency questions*.

*Lindahl v. Office of Pers. Mgmt*, 470 U.S. 768, 779 – 80 (1985) (emphasis added). So anything less than a singular, focused inquiry into the overall statute should not be relied upon to find that 42 U.S.C. § 1395w-3(b)(10) completely bars all judicial review. The *Carolina Medical Sales, Inc.* Court was not called to conduct, and we do not believe that it did conduct, that type of exacting inquiry on this issue, as it primarily ruled on narrower grounds. Its one line about the overall statute should not be relied upon here.

Third, the line is belied by comparing the tailored language used in 42 U.S.C. § 1395w-3(b)(10) to the unmistakably broad language used in other statutes where Congress did, in fact, impose an absolute (or near-absolute) bar on judicial review. Section 1395w-3(b)(10) sets forth a list of particular areas that are not susceptible to judicial review, instead of the broad language normally found in a total no-review clause. For example, in a law pertaining to compensation for work injuries, Congress said

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). Another example is found in a law pertaining to Veterans' benefits:

> [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their



de la O ▪ Marko ▪ Magolnick ▪ Leyton
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

> dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

38 U.S.C. § 211(a). These are the rare and unmistakable examples of where Congress prohibits judicial review altogether, in stark contrast to situations like the one at bar. *Lindahl*, 470 U.S. at 780, n.13 (citing the foregoing as examples of the type of "unambiguous and comprehensive" language Congress uses when it forbids all review).[2]

Fourth, the "indications of a Congressional scheme to insulate the entire program from review" are drawn only from the statutory language itself, which this Court is equally well-positioned to evaluate in light of the strong presumption favoring judicial review. *See* Pl.'s Emergency Mot. Prelim. Inj. at 23 – 24; Pl.'s Resp. Def., U.S., Mot. Dismiss at 4.

Finally, as a separate point, Ablecare incorrectly argues that Plaintiff "seeks the awarding of a contract under CAP." (Ablecare Mot. Dismiss at 2). In fact, as permanent relief, Plaintiff requests a declaratory judgment that Plaintiff should not have been disqualified from consideration in the Round One DMEPOS Competitive Bidding Program. If Plaintiff prevails, its bid will be considered, with no guarantee of an award in any Product Category. As *preliminary relief*, Plaintiff requests that it be extended the same standardized contracts as other "winning bidders" in certain Product Categories, but this relief is temporary, and only to preserve the status quo so that Plaintiff's constituent providers will survive to see an eventual decision on the merits. That combination of temporary and permanent relief is not Plaintiff seeking an "awarding of the contracts."

---

[2] *See also* 42 U.S.C. § 405(h) of the Social Security Act, which states that – unless there was an administrative hearing, which entitles one to a limited review – "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."



**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555

For all the foregoing reasons, as well as those presented in Plaintiff's Emergency Motion for Preliminary Injunction and Plaintiff's Response to the United States' Motion to Dismiss, Plaintiff respectfully requests that the Court deny Ablecare's Motion to Dismiss.

Respectfully submitted,

**DE LA O, MARKO, MAGOLNICK & LEYTON**
Attorneys for Plaintiff
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: 305.285.2000
Facsimile: 305.285.5555

By: /s/ David E. Marko
**David E. Marko**
Florida Bar No. 0939633
marko@dmmllaw.com
**Daniel L. Leyton**
Florida Bar No. 0061824
leyton@dmmllaw.com

**KRAVITZ & TALAMO**
Attorneys for Plaintiff
7600 W 20th Avenue
Suite 213
Hialeah, Florida 33016
Telephone: 305.558.5300
Facsimile: 305.557.1934

By: /s/ Javier Talamo
**Javier Talamo**
Florida Bar No. 0721808
javier_talamo@yahoo.com

## CERTIFICATE OF SERVICE[3]

I hereby certify that on June 25, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record and pro se parties identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

[3] At Chambers' recent request, we are also delivering a copy of this pleading via facsimile to the Court.

David D'Alessandris, Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
David D'Alessandris@usdoj.gov

William P. McGrath, Jr., Esq.
Counsel for Ablecare (successful bidder)
Porter Wright Morris & Arthur
1919 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC 20006-3434
wmcgrath@porterwright.com